**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALESIA FLAMENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) 2:24-cv-00977 | |
| v. ) | |
| ) | |
| ALLEGHENY HEALTH NETWORK, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER STAYING AND HOLDING ALL FURTHER PROCEEDINGS AND
DEADLINES IN ABEYANCE, AND REQUIRING PLAINTIFF'S COUNSEL JOSHUA P.
WARD TO SHOW CAUSE WHY: (1) HE SHOULD NOT BE SUBJECT TO
SANCTIONS; AND (2) THE AMENDED COMPLAINT SHOULD NOT BE STRICKEN**

On September 9, 2025, this Court granted Plaintiff's Motion for Leave to File an Amended

Complaint. (ECF No. 73). The operative complaint is now Plaintiff's Amended Complaint. (ECF

No. 74). It consists of 35 pages and 212 paragraphs, not counting annexed exhibits, and names

seven Defendants. It is signed by Joshua P. Ward as counsel for Plaintiff. The Court received three

Motions to Dismiss as to that pleading in early January 2026, including a Second Motion to

Dismiss for Failure to State a Claim by Defendant Allegheny Health Network ("AHN"). (Motion

at ECF No. 125; Supporting Brief at ECF No. 126).

In its Motion, AHN moved to strike approximately fifteen parts of the Amended Complaint

on the grounds that such parts of Plaintiff's Amended Complaint include direct quotations from

documents AHN marked "confidential" during the discovery process and are thus subject to the

Protective Order, (ECF No. 51), entered by the Court upon the stipulation of the parties, (ECF No.

50), a stipulation signed by Mr. Ward on behalf of Plaintiff. That Protective Order authorized the

initial designation of discovery material produced as "confidential" or "confidential attorney's

1

eyes only," and provides for a mechanism for opposing counsel to challenge any such designation for resolution by the Court.

The Court's Protective Order, (ECF No. 51), requires a filing party to seek Court approval to file under seal if any paper filed on the docket contains material designated "confidential," and also provides that any party may seek modification of the Protective Order at any time. AHN asserts in its Brief, (ECF No. 126), that Plaintiff's counsel included in Plaintiff's Amended Complaint copious and direct quotes from discovery material that AHN had previously designated "confidential," (ECF No. 74), without approval of counsel for AHN or the Court and in direct contravention of the provisions of the Protective Order. Upon review of the Plaintiff's response, (ECF No. 140), such appears to be the case, as Plaintiff does not controvert that argument, and instead argues that Plaintiff's inclusion of such materials in the Amended Complaint was not improper because AHN "overdesignated" the referenced materials. Facially, that position appears to be an admission that Plaintiff's counsel Mr. Ward directly violated the provisions of the Protective Order, which is an Order of this Court.

Therefore, Mr. Ward shall show cause via a filing on the docket within 14 days of the date of this Order as to why he should not be sanctioned for violating the Court's Order. It appears from the record that to the extent that there is sanctionable conduct, it is conduct attributable to Mr. Ward and not his client, and absent evidence to the contrary, the Court will proceed on that basis. *Matter of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged."); *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986) ("[W]e have increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault."). Sanctions may include (but are not

limited to) the imposition of monetary sanctions under the Court's inherent authority and/or pursuant to Fed. R. Civ. P. 37 or any other applicable provision of law or rule; referral of counsel to the Court's Attorney Discipline Committee and/or to the Disciplinary Board of the Supreme Court of Pennsylvania; citation by the Court for contempt of court; and/or striking the relevant pleading in part or in its entirety, (ECF No. 74).

Mr. Ward shall also separately show cause as to why the Amended Complaint should not be stricken in its entirety for the independent reason of it failing to comply with Fed. R. Civ. P. 8. The Amended Complaint is demonstrably not a "short" nor "plain" statement of the Plaintiff's claims and is replete with what amount to legal arguments, all occurring after Mr. Ward was specifically warned by the Court about his past noncompliance with applicable Federal and Local Rules, including Rule 8. (*See, e.g.*, ECF No. 134).

Pending the Court's disposition of such matters, this civil action is stayed without prejudice and all filing and other deadlines in the action are held in abeyance pending further Order of this Court.

**SO ORDERED** this 24th day of March, 2026.

s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

3